**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OLINDA HARRIS,

*Plaintiff,*

v.

KAYWIN FELDMAN, Director, National Gallery of Art

*Defendant.*

**Case No. 1:24-CV-1209-RCL**

# MEMORANDUM OPINION

Plaintiff filed this suit *pro se* in 2024. Defendant failed to respond, and the Clerk of Court entered default. Defendant now moves to set aside that default. For the reasons stated herein, Defendant's motion will be granted.

## I. BACKGROUND

### A. Statutory Background

"Federal employees are protected from unlawful employment actions by two different—but overlapping—statutory regimes." *Perry v. Raimondo*, 101 F.4th 55, 56 (D.C. Cir. 2024).

First, federal employees enjoy protection under federal anti-discrimination laws like Title VII of the Civil Rights Act of 1964. *Id.* Second, the Civil Service Reform Act "establishes a framework for evaluating personnel actions taken against federal employees." *Id.* (internal quotation marks omitted) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). A terminated federal employee has three available paths of challenging their termination under these statutes.

If an employee wishes to challenge their termination, they may appeal the employing agency's decision to the Merit Systems Protection Board ("MSPB"), 5 U.S.C. § 7543(d); *id.* § 7701, "an independent adjudicator of federal employment disputes," *Kloeckner*, 568 U.S. at 44. If the MSPB determines that the termination was justified, the employee may appeal to the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A), b(2).

But if the employee alleges discrimination as part of their termination, two other routes are possible. They may seek a remedy with the EEOC and, after exhausting that process, "file a discrimination case in the district court." *Perry*, 101 F.4th at 56 (citing *Al-Saffy v. Vilsack*, 827 F.3d 85, 89 (D.C. Cir. 2016)).

Otherwise, they may "bring the case before the MSPB as a 'mixed case,' which combines a claim under a federal anti-discrimination statute with a challenge to a serious adverse employment action under the CSRA." *Id.* at 58 (citing *Kloeckner*, 568 U.S. at 50). If the MSPB decides against the employee, they may seek review in a United States District Court. *Id.*; *see also Grant v. Dep't of Treasury* 272 F. Supp. 3d 182, 185 (D.D.C. 2017) ("Final orders of MSPB are subject to appeal to the Federal Circuit, except those that include allegations of discrimination, which may be appealed to either the EEOC or to a federal district court." (citing 5 U.S.C. § 7703(b)(1)(A), b(2))). The district court then conducts a "trial de novo" on the facts of the discrimination claim. *See Perry*, 101 F.4th at 61–62.

**B. Factual Background**

Plaintiff began working at the National Gallery of Art in 2013. Am. Compl. at 1. In 2021, Plaintiff alleges that she had serious car accident which placed her in a coma and made it impossible for her to work. *Id.* She was fired in 2022 for absenteeism. *Id.*

The procedural path that Plaintiff took in response to her termination is unclear from the Amended Complaint. Plaintiff describes how the MSPB upheld her termination, *id.*, and also references a report from the EEOC, *id.* The claims that she made to the MSPB and EEOC are unclear.

**C. Procedural History**

Plaintiff brought this lawsuit in 2024, challenging the MSPB's decision. *Id.* Plaintiff filed an Amended Complaint later that year in which she described the circumstances leading up to her termination. Am. Comp., ECF No. 5. Defendant was served with process in September 2024, *see* ECF Nos. 6, 8.

In 2025, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. ECF No. 11. Plaintiff filed an Affidavit for Default in November 2025. ECF No. 12. Defendant never responded, so the Clerk of Court entered default in June 2026. ECF No. 14.

Defendant mow moves to set aside the default. Def.'s Mot., ECF No. 17. Plaintiff filed a response. Pl.'s Resp., ECF No. 18.[1] Defendant opted not to file a timely reply, so the motion is now fully briefed and ripe for the Court's review.

[1] The Court recognizes that Plaintiff's response was not timely under LCvR 7(b). Still, "[c]ourts allow leeway to parties proceeding *pro se* to ensure access to the judicial system even for those persons who lack an understanding of the procedural and substantive requirements of litigation." *Garlington v. Dist. of Columbia Water & Sewer Auth.*, 62 F. Supp. 3d 23, 24 (D.D.C. 2014) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Considering that policy, and Defendant's failure to raise the issue in their brief, the Court considers Plaintiff's Response.

## II. LEGAL AUTHORITY

A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In exercising its discretion, the district court is supposed to consider 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011) (quoting *Keegel v. Key West & Carribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980)). When weighing those factors, the district court is mindful that "strong policies favor resolution of disputes on their merits . . . ." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).

## III. ANALYSIS

The Court addresses each of the three factors relevant to the Rule 55(c) analysis in turn. Plaintiff opposes Defendant's motion in general terms, arguing that a two-year delay in responding is unreasonable. Pl.'s Resp. at 1. Ultimately, the Court concludes that setting aside the default is warranted under the circumstances.

### A. Willfulness of Default

"The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634 (2d Cir. 1998)).

Defendant explains that "[t]hrough a clerical error, this matter regrettably was missed

several years ago amidst the tidal wave of suits brought against the government." Def.'s Mot. at 7. Defendant's counsel appeared shortly after learning of the entry of default. *See* ECF No. 15.

Absent clear evidence to the contrary, the Court cannot conclude that Defendant's failure to respond rises to the level of willfulness. This factor therefore favors Defendant.

**B. Prejudice to Plaintiff**

"Delay in and of itself does not constitute prejudice." *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 128 (D.D.C. 2009) (internal quotation marks omitted) (quoting *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393–94 (D.D.C. 2005)). Therefore, "[t]he issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *Id.* at 129 (internal quotation marks omitted) (quoting *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003)).

Defendant argues that Plaintiff would not face prejudice if their motion were granted because "Plaintiff's own inaction in this case over the course of two years suggests that she will not be prejudiced by an adjudication on the merits." Def.'s Mot. Defendant bases that argument on the fact that the Court had to order Plaintiff to show cause why the case should not be dismissed for failure to prosecute in October 2025. ECF No. 11. That argument does not follow. Even if Plaintiff had failed to diligently pursue the suit in the past, there is no dispute that setting aside the default will further protract the litigation. And the Court is mindful that Plaintiff is proceeding *pro se* and may not be as familiar with the process of litigation as Defendant.

And the Court is not quite persuaded by Defendant's position that there is *no* risk of

evidentiary or discovery issues in this case. Defendant argues that Plaintiff "has had the opportunity to conduct full discovery on this matter" because there was "a full MSPB hearing, as well as an OFO appeal." Def.'s Mot. at 9. That is true enough with respect to legal issues such as MSPB jurisdiction, where the Court applies an "arbitrary and capricious" standard. *Perry*, 101 F.4th at 61.

But for discrimination claims, the Court would be required to provide a "trial de novo." *Perry*, 101 F.4th at 62 (quoting 5 U.S.C. § 7703(c)). In a trial *de novo*, a Plaintiff may be entitled to discovery. *See Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1046–47 (D.C. Cir. 2008). Still, the contours of Plaintiff's claim are unclear from the Amended Complaint, so the Court cannot determine whether any of that discovery would extend beyond the material in MSPB or EEOC documents.

Accordingly, the Court is unpersuaded that this case presents *no* relevant risk of prejudice. But Defendant is correct that there is little risk of prejudice regarding the Court's review of MSPB action that is unrelated to discrimination.

**C. Meritorious Defense**

"[A]llegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Mohamad*, 634 F.3d at 606 (internal quotation marks omitted) (quoting *Keegel*, 627 F.2d at 374).

Defendants have argued here that the "Amended Complaint states no causes of action," and that "[t]here are meritorious defenses that the MSPB's Decision and the OFO's decision were not arbitrary and capricious . . . ." Def.'s Mot. 10. The Court understands Defendant to mean that

the Amended Complaint's failure to state a claim is a meritorious defense.

The Court agrees. The Amended Complaint is sparse and there is a serious question as to whether it has alleged facts which, if true, entitle Plaintiff to relief. To prevail, more factual allegations concerning Plaintiff's termination would be required.

To name just one potential issue, actions in district court after MSPB and EEOC decisions can become time barred. *See* 5 U.S.C. § 7703(b)(2); *Ransom v. Mayorkas*, No. 24-692, 2025 WL 947514, at *5 (D.D.C. Mar. 28, 2025) ("A plaintiff seeking judicial review of a MSPB final decision must file a civil action no later than thirty calendar days after the MSPB decision becomes final, or if the decision is appealed to the EEOC, within thirty days of the EEOC decision."). Because the Amended Complaint does not provide a timeline of Plaintiff's appeal or provide any information about MSPB and EEOC determinations regarding her termination, dismissal could be warranted. *See Ransom*, 2025 WL 947514, at *5.

Accordingly, the Court concludes that this factor weighs in Defendant's favor.

## IV. CONCLUSION

In sum, considering the "federal policy favoring trial over default judgment," *Whelan v. Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995), the Court is persuaded that the factors above favor setting aside the default. Defendant's motion will therefore be granted.

Because this motion raises deficiencies in Plaintiff's Amended Complaint, Plaintiff may seek leave to file a Second Amended Complaint within 30 days of the issuance of the order accompanying this opinion. If her Second Amended Complaint is not timely filed or if it simply restates the Amended Complaint currently before the court, Defendant may move to dismiss. If

Plaintiff does not respond to any such motion, her case may be dismissed. Defendant may file an answer or other responsive motion within 30 days of any amended complaint.

An Order accompanying this Memorandum Opinion shall issue.

Date: 20 October, 2026

Hon. Royce C. Lamberth
United States District Judge